## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | |
| **D'IGNAZIO'S TOWNE HOUSE RESTAURANT,** ) | **C O M P L A I N T** |
| ) | **JURY TRIAL DEMAND** |
| ) | |
| **Defendants.** ) | |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Jeffrey T. Cohen who was adversely affected by such practices. As articulated with greater particularity in paragraph 8, the Commission alleges that Defendant D'Ignazio's Towne House Restaurant discriminated against Jeffrey T. Cohen when it suddenly terminated his employment in retaliation for Mr. Cohen accusing Defendant of violating the ADA. The Commission also contends that Defendant further retaliated against Jeffrey T. Cohen after he filed a Charge of Discrimination by posting a memo "To All Employees" containing, in part, information regarding Mr. Cohen's complaint of discrimination, his allegations of disability and promising to keep all employees informed as "events unfold in this matter."

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000 - 5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) .

4.     At all relevant times, Defendant D'Iganazio's Towne House Restaurant has continuously been doing business in the Commonwealth of Pennsylvania and the City of Media, County of Delaware, and has had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a  covered entity under Section

Page  2

101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Jeffrey T. Cohen filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least July 10, 2005, Defendant Employer has engaged in unlawful employment practices at its Media, Pennsylvania restaurant, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12203(a)(b), by retaliating against Jeffrey T. Cohen. The unlawful employment practices include the following:

(a) Jeffrey T. Cohen worked for Defendant for approximately seven years from on or about January 12, 1998 until his termination on or about July 11, 2005.

(b) At all times relevant and material hereto, Jeffrey T. Cohen alleges that he is disabled.

(c) On or about July 10, 2005, Lisa Carnie, Defendant's co-owner and dining room manager, issued Jeffrey T. Cohen a written disciplinary warning notice which documented Mr. Cohen's alleged failure to advise a table of patrons of the daily specials on July 7, 2005. Ms. Carnie requested that Mr. Cohen sign the disciplinary warning.

(d) After initially refusing to sign the written disciplinary warning notice, John Carnie, Defendant's co-owner and general manager, informed Mr. Cohen that if he did not sign the warning notice, he would not be placed on the work schedule. At that point, Mr. Cohen verbally advised Mr. and Mrs. Carnie that his failure to recite the specials may be caused by a disability which causes occasional memory lapses.

(e) Notwithstanding Mr. Cohen's disclosure regarding his disability, he was still directed to

sign the disciplinary warning notice. Feeling no other option, Mr. Cohen signed the warning notice and indicated in good faith therein that "[t]his event happens in part to a documented processing disability (documentation will be provided). I feel it is unfair to discriminate in such a way that violates the ADA."

(f)    The following day, July 11, 2005, Jeffrey T. Cohen was suddenly terminated. Ms. Carnie indicated on Mr. Cohen's termination notice that he was being terminated, in part, because Mr. Cohen "accused [Defendant] of violating the ADA."

(g) Following his termination, Mr. Cohen filed a Charge of Discrimination with the Commission. Thereafter, Defendant posted a memo "To All Employees" which stated, in part, that "Jeffrey Cohen alleges in his complaint that he was disabled..., that D'Ignazio's terminated him based on that alleged disability, ...our position is that Mr. Cohen is not disabled; that even if he is, we were unaware of any alleged disability..." Moreover, the memo noted that Defendant has decided to defend itself against Mr. Cohen's complaint at by retaining legal counsel at a "significant expense" and that Defendant will keep its employees "informed as events unfold in this matter to the best of [its] ability..."

(i)    The effect of the practices complained of in paragraph 8 above, including any sub-parts, has been to deprive Jeffrey T. Cohen of equal employment opportunities and otherwise adversely affect his status as an employee, because he engaged in protected employee activity.

10.    The unlawful employment practices complained of in paragraph 8 above, including any sub-parts, were intentional.

11.    The unlawful employment practices complained of in paragraph 8 above, including any sub-parts, were done with malice or with reckless indifference to the federally protected rights

of Jeffrey T. Cohen.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability, and from engaging in retaliation against persons who oppose practices made unlawful by the ADA.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, prevent retaliation against persons who oppose practices made unlawful by the ADA and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to institute and carry out anti-discrimination policies and complaint procedures for individuals with disabilities or perceived disabilities.

D.      Order Defendant to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, retaliation and the ADA.

E.      Order Defendant to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F.      Order Defendant to make whole Jeffrey T. Cohen, by providing appropriate backpay

with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.    Order Defendant to make whole Jeffrey T. Cohen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including any sub-parts, in amounts to be determined at trial.

H.    Order Defendant to make whole Jeffrey T. Cohen by providing compensation for past, present, and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including any sub-parts, including humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and exacerbation of physical problems, in amounts to be determined at trial.

I.    Order Defendant to pay Jeffrey T. Cohen punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, including any sub-parts, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper in the public interest.

K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
*U.S. EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION*
1801 L. Street, NW
Washington, D.C.  20507

JACQUELINE H. MCNAIR
Regional Attorney

TERRENCE R. COOK
Supervisory Trial Attorney

STEPHANIE MARINO
Trial Attorney
PA Attorney ID #77752

*U.S. EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION*
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
Telephone:  (215) 440-2841
Facsimile:  (215) 440-2848
stephanie.marino@eeoc.gov

Page  7